**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: 516-203-7600
Fax: 516-282-7878
*Attorneys for Plaintiff*
Our File No.: 121648

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Donna Sullivan,<br><br>                              Plaintiff,<br><br>             v.<br><br>Weinstein, Kaplan & Cohen, P.C.,<br><br>                        Defendant(s). | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Donna Sullivan ( "*Plaintiff*"), by and through her attorneys complains, states and alleges against Weinstein, Kaplan & Cohen, P.C. ("*Defendant*"), as follows:

### INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2.      This is an action for damages brought by an individual consumer for Defendant's violation of the automatic stay pursuant to 11 U.S.C. § 362, which prohibits any and all  acts to collect, assess, or recover any claim against a debtor that arose before the commencement of the bankruptcy case.

1

## JURISDICTION AND VENUE

3.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and

15 U.S.C. § 1692k(d).   The Court has supplemental jurisdiction exists over the any state law

claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events

or omissions giving rise to the claim occurred in this Judicial District.

5.      At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

6.      Plaintiff Donna Sullivan is an individual who is a citizen of the State of New York

residing in Nassau County, New York.

7.      Plaintiff is a natural person allegedly obligated to pay a debt.

8.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9.      On information and belief, Defendant Weinstein, Kaplan & Cohen, P.C., is a New

York Professional Corporation with a principal place of business in Nassau County, New York.

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

10.      Congress enacted the FDCPA upon finding that debt collection abuse by third party

debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977)

*reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

11.      The purpose of the FDCPA is to protect consumers from deceptive or harassing

actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted

by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v.

Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

12.      To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ...

as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely

themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent

effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85,

91 (2d Cir. 2008).

13.      The FDCPA is a strict liability statute, and a debt collector's intent may only be

considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*,

591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

14.     As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

15.     Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell,* 74 F.3d at 34.

16.     If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson,* 516 F.3d at 90.

## FACTUAL ALLEGATIONS

17.     Defendant regularly collects or attempts to collect debts asserted to be owed to others.

18.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

19.     The principal purpose of Defendant's business is the collection of such debts.

20.     Defendant uses the mails in its debt collection business.

21.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

22.     Defendant alleges Plaintiff owes at least three debts to "the Town of Hempstead Employees Federal Credit Union" (the "alleged Debts").

23.     The alleged Debts are alleged obligations of Plaintiff to pay money arising out of

transactions in which the money, property, insurance, or services which are the subject of the transactions are primarily for personal, family, or household purposes

24.     The alleged Debts do not arise from any business enterprise of Plaintiff.

25.     At an exact time known only to Defendant, the alleged Debts were assigned or otherwise transferred to Defendant for collection.

26.     At the time the alleged Debts were assigned or otherwise transferred to Defendant for collection, the alleged Debts were in default

27.      In its efforts to collect the alleged Debts, Defendant contacted Plaintiff in writing, including by letter dated December 28, 2020 (the "December Letter"). (A true and accurate copy of the December Letter is annexed hereto as Exhibit 1).

28.     In furtherance of its efforts to collect the alleged Debts, Defendant contacted Plaintiff by letter dated February 9, 2021 (the "February Letter"). (A true and accurate copy of the February Letter is annexed hereto as Exhibit 2).

29.     The December Letter was received and read by Plaintiff.

30.     The February Letter was received and read by Plaintiff.  *The December Letter and February Letter may be hereinafter referred to collectively as the "Letters."*

31.     The Letters conveyed information regarding the alleged Debts.

32.     The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

33.     The Letters are identical in form and substance.

34.     The Letters claim that Plaintiff owes an "outstanding balance" on "three loans."

35.     The Letters claim that Plaintiff owes an "outstanding balance" on the "first loan" of $15,642.15, together with "reasonable attorneys' fees" of $5,208.83 or an amount to be deemed reasonable by a court of law based upon our regular hourly rate for all time expended, for a total balance now due of $20,850.98 plus interest accruing at a rate of 5.99% per annum, or a rate deemed reasonable by a court of law, from January 9, 2020.

36.     The Letters claim that Plaintiff owes a "outstanding total balance" on the "second loan" of $2,331.06 plus interest accruing at a rate of 15.90% per annum, or a rate deemed reasonable by a court of law, from January 25, 2020.

37.     The Letters claim that Plaintiff owes an "outstanding balance" on the "third loan" of $4,042.68 together with "reasonable attorneys' fees" of $1,3346.21 or an amount to be deemed reasonable by a court of law based upon our regular hourly rates for all times expended for a total balance now due of $5,388.89, plus interest accuring at 9.90% annum, or a rate deemed reasonable by a court of law, from January 4, 2020.

38.     The Letters fail to provide any information sufficient to allow Plaintiff to identify the "first loan."

39.     The Letters fail to provide any information sufficient to allow Plaintiff to identify the "second loan."

40.     The Letters fail to provide any information sufficient to allow Plaintiff to identify the "third loan."

41.     The Letters state "[u]nless you dispute this debt [sic.] within thirty (30) daus from receipt of this letter, or you otherwise arrange with this office for payment of the sum due within the aforementioned thirty (30) day period, we may proceed to litigation in this matter without further ntocie to you."

42.     15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous statement of the amount of an alleged debt. As set forth herein, Defendant deprived Plaintiff of this right.

43.     15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiff of this right.

44.     15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

45.     Plaintiff's injury is "particularized" and "actual" in that the letter that caused the injury was addressed and sent to Plaintiff specifically.

46.     Plaintiff's injury is directly traceable to Defendant's conduct, because Defendant sent the Letter.

47.     A favorable judicial resolution of Plaintiff's case would redress Plaintiff's injury with damages.

48.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

49.     Plaintiff has been misled by Defendant's actions.

50.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the Debt.

51.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause her unwarranted economic harm.

52.     As a result of Defendant's conduct, Plaintiff was forced to hire counsel and therefore has incurred damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

53.     As a result of Defendant's conduct, Plaintiff's counsel was forced to expend time and money to investigate the enforceability of the Debt.

54.     Upon information and belief, Plaintiff can prove that all actions taken by Defendant as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

55.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

56.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

57.     The Letters are false and misleading communications under the FDCPA.

58.     The least sophisticated consumer would likely be deceived by the Letters.

59.     The least sophisticated consumer would likely be deceived in a material way by the Letters.

60.     A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

61.     A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

62.     Because the Letters can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the owner of the alleged Debt, one of which is inaccurate as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

63.     Because the Letters are reasonably susceptible to an inaccurate reading by the least sophisticated consumer concerning the owner of the alleged Debt as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

64.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(a)(2), 1692e and 1692e(10) and is liable to Plaintiff therefor.

## FIRST COUNT

65.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

66.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

67.     As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide the amount of the debt.

68.     To comply with 15 U.S.C. § 1692g(a)(1), a statement of the amount of the debt must clearly, accurate and without ambiguity convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

69.     The December Letter claim that Plaintiff owes an "outstanding balance" on "three loans."

70.     The December Letter states that Plaintiff owes an "outstanding balance" on the "first loan" of $15,642.15, together with "reasonable attorneys' fees" of $5,208.83 *or an amount to be deemed reasonable by a court of law* based upon our regular hourly rate for all time expended, for a total balance now due of $20,850.98 plus interest accruing at a rate of 5.99% per annum, or a rate deemed reasonable by a court of law, from January 9, 2020 (emphasis added).

71.     The December Letter states that Plaintiff owes an "outstanding balance" on the "third loan" of $4,042.68 together with "reasonable attorneys' fees" of $1,3346.21 or *an amount to be deemed reasonable by a court of law* based upon our regular hourly rates for all times expended for a total balance now due of $5,388.89, plus interest accuring at 9.90% annum, or a rate deemed reasonable by a court of law, from January 4, 2020 (emphasis added).

72.     The December Letter fails to communicate the amount of the alleged Debts clearly, effectively and without ambiguity, insofar as they state that the amount of attorneys' fees due in connection with the alleged Debts is subject to upward or downward adjustment.

73.     Plaintiff was unclear on the amount of debt she allegedly owed.

74.     As such, Defendant did not clearly convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debts as required by 15 U.S.C. § 1692g(a)(1).

75.     As such, Defendant did not accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debts as required by 15 U.S.C. § 1692g(a)(1).

76.     For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(1) and is liable to Plaintiff therefor.

### SECOND COUNT

77.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

78.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

79.     A debt collector's communication will violate the provisions of § 1692e if it is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer (*DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001)), or, if it "open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson,* 516 F.3d at 90

80.     The Letters state that Plaintiff owes an "outstanding balance" on the "first loan" of $15,642.15, together with "reasonable attorneys' fees" of $5,208.83 ***or an amount to be deemed reasonable by a court of law*** based upon our regular hourly rate for all time expended, for a total balance now due of $20,850.98 plus interest accruing at a rate of 5.99% per annum, or a rate deemed reasonable by a court of law, from January 9, 2020 (emphasis added).

81.     The Letters state that Plaintiff owes an "outstanding balance" on the "third loan" of $4,042.68 together with "reasonable attorneys' fees" of $1,3346.21 ***or an amount to be deemed reasonable by a court of law*** based upon our regular hourly rates for all times expended for a total balance now due of $5,388.89, plus interest accuring at 9.90% annum, or a rate deemed reasonable by a court of law, from January 4, 2020 (emphasis added).

82.     The least sophisticated consumer could read the Letters and be led to believe that the amount of attorneys' fees owed in connection with the "first" and "third" loans is a fixed amount.

83.     The least sophisticated consumer could read the Letters and be led to believe that the amount of attorneys' fees owed in connection with the "first" and "third" loans is in an amount yet to be determined.

84.     Insofar as both of these interpretations are reasonable, but only one can be accurate, the Letters fail to clearly convey the amount of the alleged Debts from the perspective of the least sophisticated consumer.

85.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## THIRD COUNT

86.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

87.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

88.     As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide the amount of the debt.

89.     To comply with 15 U.S.C. § 1692g(a)(1), a statement of the amount of the debt must clearly, accurate and without ambiguity convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

90.     The December Letter claims that Plaintiff owes an "outstanding balance" on "three loans."

91.     The December Letter states that Plaintiff owes an "outstanding balance" on the "first loan" of $15,642.15, together with "reasonable attorneys' fees" of $5,208.83 or an amount to be deemed reasonable by a court of law based upon our regular hourly rate for all time expended, for a total balance now due of $20,850.98 plus interest accruing at a rate of 5.99% per annum, ***or a rate deemed reasonable by a court of law***, from January 9, 2020 (emphasis added).

92.     The December Letter claims that Plaintiff owes a "outstanding total balance" on the "second loan" of $2,331.06 plus interest accruing at a rate of 15.90% per annum, ***or a rate deemed reasonable by a court of law***, from January 25, 2020 (emphasis added).

93.     The December Letter states that Plaintiff owes an "outstanding balance" on the "third loan" of $4,042.68 together with "reasonable attorneys' fees" of $1,3346.21 or an amount

to be deemed reasonable by a court of law based upon our regular hourly rates for all times expended for a total balance now due of $5,388.89, plus interest accuring at 9.90% annum, ***or a rate deemed reasonable by a court of law***, from January 4, 2020 (emphasis added).

94. The December Letter fails to state a fixed amount for the interest allegedly owed on any of the three alleged Debts.

95. Plaintiff was unclear on the amount of debt she allegedly owed with respect to any of the three alleged Debts.

96. By failing to state the amount of interest due in connection with the alleged Debts as a fixed sum as of the date of the December Letter, Defendant did not clearly convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debts as required by 15 U.S.C. § 1692g(a)(1).

97. As such, Defendant did not accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debts as required by 15 U.S.C. § 1692g(a)(1).

98. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(1) and is liable to Plaintiff therefor.

## FOURTH COUNT

99. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

100. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

101. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

102. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

103. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

104. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

105.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

106.    To comply with 15 U.S.C. § 1692g(a)(1), a statement of the amount of the debt must clearly, accurate and without ambiguity convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

107.    The Letters claims that Plaintiff owes an "outstanding balance" on "three loans."

108.    The Letters state that Plaintiff owes an "outstanding balance" on the "first loan" of $15,642.15, together with "reasonable attorneys' fees" of $5,208.83 or an amount to be deemed reasonable by a court of law based upon our regular hourly rate for all time expended, for a total balance now due of $20,850.98 plus interest accruing at a rate of 5.99% per annum, *or a rate deemed reasonable by a court of law*, from January 9, 2020 (*emphasis added*).

109.    The Letters claim that Plaintiff owes a "outstanding total balance" on the "second loan" of $2,331.06 plus interest accruing at a rate of 15.90% per annum, *or a rate deemed reasonable by a court of law*, from January 25, 2020 (*emphasis added*).

110.    The Letters state that Plaintiff owes an "outstanding balance" on the "third loan" of $4,042.68 together with "reasonable attorneys' fees" of $1,3346.21 or an amount to be deemed reasonable by a court of law based upon our regular hourly rates for all times expended for a total balance now due of $5,388.89, plus interest accuring at 9.90% annum, *or a rate deemed reasonable by a court of law*, from January 4, 2020 (*emphasis added*).

111.    The Letters fail to state a fixed amount for the interest allegedly owed on any of the three alleged Debts.

112.    Plaintiff was unclear on the amount of debt she allegedly owed with respect to any of the three alleged Debts.

113.    Defendant failed to clearly state the amount of the alleged Debts. As a result, Defendant failed to clearly, accurately and without amiguity convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

114.    As a result of such failure, Defendant did not clearly, accurate, and without ambiguity convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

115.    The failure to provide the aforementioned disclosures makes a collection letter deceptive under 15 U.S.C. § 1692e.

116.    The least sophisticated consumer would likely be confused as to the amount of the alleged Debt.

117.    The least sophisticated consumer would likely be uncertain as to the amount of the alleged Debt.

118.    The Letters are reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

119.    The Letters are open to more than one reasonable interpretation and thus violates 15 U.S.C. § 1692e.

120.    Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the owner of the alleged Debt, one of which is inaccurate as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

121.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer concerning the owner of the alleged Debt as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

122.    For the foregoing reasons, Defendant also violated 15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

**FIFTH COUNT**

123.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

124.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

125.    15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

126.    15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

127.   15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

128.   A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

129.   Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

130.   Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

131.   15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

132.   A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

133.   Threatening to take legal action without explaining that such threat does not override the consumer's right to dispute the debt is a violation of 15 U.S.C. § 1692g(b).

134.   Threatening to take legal action without explaining that such threat does not override the consumer's right to request validation of the debt is a violation of 15 U.S.C. § 1692g(b).

135.   Threatening to take legal action without explaining that such threat does not override the consumer's right to request the name and address of the original creditor is a violation of 15 U.S.C. § 1692g(b).

136.   The December Letter threatens legal action against Plaintiff.

137.   The December Letter provides: "[u]nless you dispute this debt within thirty (30) days from receipt of this letter, *or you otherwise arrange* with this office for *payment of the sum due* [sic.] *within the thirty (30) day period*, we may proceed to litigation in this matter without further notice to you.." (emphasis added).

138. The December Letter further provides: "If you wish to avoid this and save the added costs and inconvenience of a court trial, you should immediately send a cashier's or certified check to this offer, payable to the order of "Weinstein, Kaplan & Cohen, P.C., as attorneys."

139. The Letter demands that payment arrangements be made *within* the validation period in order to avoid legal action (hereinafter the "Threat")

140. The December Letter fails to advise that the Threat.does not override the Plaintiff's right to dispute the alleged Debt.

141. The Letter fails to advise that the Threat does not override the Plaintiff's right to request validation of the alleged Debt.

142. The Letter fails to advise that the Threat does not override the Plaintiff's right to request the name and address of the original creditor.

143. The least sophisticated consumer, upon reading said Threat., could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless be sued by Defendant if she does not make payment within the validation period.

144. The least sophisticated consumer, upon reading the December Letter, and in the absence of any further explanation, could reasonably interpret the December Letter to mean that even if she disputes the validity of the alleged Debt, she could face legal consequences even during the verification process.

145. As a result of the foregoing, the December Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the alleged Debt.

146. As a result of the foregoing, the December Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the alleged Debt.

147. As a result of the foregoing, the December Letter would likely make the least sophisticated consumer confused as to her rights.

148. As a result of the foregoing, the threat of litigation would likely make the least sophisticated consumer uncertain as to her rights.

149. Defendant violated 15 U.S.C. § 1692g(b) as the language of the December Letter overshadows the disclosure of the consumer's right to dispute the alleged Debt.

150. Defendant violated 15 U.S.C. § 1692g(b) as the Threat langage of the December Letter overshadows the disclosure of the consumer's right to request validation of the alleged Debts.

151.    Defendant violated 15 U.S.C. § 1692g(b) as the threat of litigation is inconsistent with the disclosure of the consumer's right to dispute the alleged Debts.

152.    Defendant violated 15 U.S.C. § 1692g(b) as the threat of litigation is inconsistent with the disclosure of the consumer's right to request validation of the alleged Debts.

153.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

154.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

155.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

156.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

157.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

158.    The least sophisticated consumer could reasonably interpret the December Letter to mean that even if she exercises her validation rights, she could nevertheless face litigation cost and consequence.

159.    The least sophisticated consumer, upon reading the Threat., and in the absence of any further explanation, could reasonably interpret the December Letter to mean that even if she disputes the validity of the alleged Debts, she could face potential consequence even during the verification process.

160.    Because the December Letter is open to more than one reasonable interpretation it violates 15 U.S.C. § 1692e.

161.    Because the December Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. § 1692e.

162.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff therefor.

## SIXTH COUNT

163.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

164.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

165.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

166.    15 U.S.C. § 1692e(3) prohibits a debt collector from using the false representation or implication that any individual is an attorney or that any communication is from an attorney.

167.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

168.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

169.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

170.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

171.    The Letters are on the letterhead of the law firm Weinstein, Kaplan & Cohen, P.C., Counselors at Law.

172.    The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from the law firm.

173.    The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the alleged Debt was assigned to the law firm.

174.    The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from an attorney.

175.    The least sophisticated consumer would likely assume that the attorney has been genuinely involved in the review of Plaintiff's alleged Debts prior to the letter being sent.

176.    The least sophisticated consumer would likely assume that the attorney has been meaningfully involved in the review of Plaintiff's alleged Debts prior to the letter being sent.

177.    The least sophisticated consumer would likely assume that the attorney has been personally involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

178.    The least sophisticated consumer would likely assume that the attorney determined that the letter should be sent.

179.    As such, the least sophisticated consumer would likely feel threatened.

180.    As such, the least sophisticated consumer would likely feel intimidated.

181.    As such, the least sophisticated consumer would likely believe he or she would be sued by Defendant.

182.    As such, the least sophisticated consumer would likely believe he or she would be sued by a law firm acting as a debt collector.

183.    As such, the least sophisticated consumer would likely believe he or she would be sued by Defendant if he or she did not pay the debt.

184.    However, no attorney with Defendant sent the Letters to Plaintiff.

185.    No attorney with Defendant was genuinely involved in the review of Plaintiff's alleged Debts prior to the Letters being sent to Plaintiff.

186.    No attorney with Defendant was meaningfully involved in the review of Plaintiff's alleged Debts prior to the Letters being sent to Plaintiff.

187.    No attorney with Defendant was personally involved in the review of Plaintiff's alleged Debts prior to the Letters being sent to Plaintiff.

188.    The Letters are computer generated, as they are substantively identical in all respects.

189.    Upon information and belief, Defendant sends dozens of collection letters on any given day.

190.    Upon information and belief, no individual attorney was involved in generating either Letter, as an attorney would not have approved the sending of a letter which equivocates as to the amount of any debt allegedly owed.

191.    The Letters mislead consumers into believing that there was meaningful attorney involvement in the collection of the debt.

192.    The least sophisticated consumer would likely be misled to believe that an attorney was genuinely involved in the review of Plaintiff's alleged Debts prior to the Letters being sent to Plaintiff.

193.   The least sophisticated consumer would likely be misled to believe that an attorney was meaningfully involved in the review of Plaintiff's alleged Debts prior to the Letters being sent to Plaintiff.

194.   The least sophisticated consumer would likely be misled to believe that an attorney was personally involved in the review of Plaintiff's alleged Debts prior to the Letters being sent to Plaintiff.

195.   The least sophisticated consumer would likely be misled to believe that an attorney determined that the Letters should be sent.

196.   Defendant's conduct is a false representation made in connection with the collection of the alleged Debts in violation of 15 U.S.C. § 1692e.

197.   Defendant's conduct is a deceptive representation made in connection with the collection of the alleged Debts in violation of 15 U.S.C. § 1692e.

198.   Defendant's conduct is a false representation of the legal status of the alleged Debts in violation of 15 U.S.C. § 1692e(2)(A).

199.   Defendant's conduct is a false representation that the Letters were from an attorney in violation of 15 U.S.C. § 1692e(3).

200.   Defendant's conduct is a false implication that the Letters were from an attorney in violation of 15 U.S.C. § 1692e(3).

201.   Defendant's conduct is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

202.   Defendant's conduct is a is a deceptive means in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

203.   For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3) and 1692e(10) and is liable to Plaintiff therefor.

## **SEVENTH COUNT**

204.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein. and realleges the foregoing paragraphs as if fully restated herein.

205.   15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

206.    The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

207.    The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

208.    The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

209.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

210.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

211.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

212.    15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

213.    A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

214.    A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

215.    The Letter fails to advise that the fact Plaintiff's account was assigned to a law firm does not override the Plaintiff's right to dispute the debt.

216.    The Letter fails to advise that the fact Plaintiff's account was assigned to a law firm does not override the Plaintiff's right to demand validation of the debt.

217.    The Letter fails to advise that the fact Plaintiff's account was assigned to a law firm does not override the Plaintiff's right to request information concerning the current creditor.

218.   The least sophisticated consumer, upon reading that her account was assigned to a law firm, could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless be sued.

219.   When a law firm is acting solely as a debt collector in sending a dunning letter, the law requires the law firm to issue a disclaimer indicating such.

220.   The Second Circuit has recognized that debt collection letters printed on "law firm letterhead, standing alone, does represent a level of attorney involvement to the debtor receiving the letter. *Bitzko v. Weltman, Weinberg & Reis Co.*, LPA, No. 117CV00458BKSDJS, 2019 WL 4602329, at *4 (N.D.N.Y. Sept. 23, 2019).

221.   To most consumers, the relevant distinction between a collection agency and an attorney is the ability to sue," a letter signed by an attorney signals to the unsophisticated consumer that legal action is at hand. *Herzlinger v. Nichter*, No. 7:09-CV-00192, 2011 WL 1434609, at *6 (S.D.N.Y. Feb. 9, 2011), on reconsideration in part, No. 7:09-CV-00192, 2011 WL 1408180 (S.D.N.Y. Apr. 5, 2011).

222.   To balance these interests, the law requires that law firms when acting as debt collectors provide a disclaimer such as "Please be advised that we are acting in our capacity as a debt collector and at this time, no attorney with our law firm has personally reviewed the particular circumstances of your account." *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360, 364 (2005).

223.   The least sophisticated consumer, upon reading that her account was assigned to a law firm, and in the absence of any further explanation, could reasonably interpret the December Letter to mean that even if she disputes the validity of the debt, she could nevertheless by sued even during the verification process.

224.   Defendant placed the required validation on the Letter in an inconspicuous manner.

225.   Because Plaintiff's validation rights are set forth in an inconspicuous manner, the least sophisticated consumer is less likely to realize that such rights are not affected by the fact that Plaintiff's account was assigned to a law firm.

226.   Because Plaintiff's validation rights are set forth in an inconspicuous manner, the least sophisticated consumer is likely to overlook the rights, especially in relation to the fact Plaintiff's account was assigned to a law firm.

227.   Because Plaintiff's validation rights are set forth in an inconspicuous manner, the least sophisticated consumer is likely to believe the rights are unimportant, especially in relation to the fact Plaintiff's account was assigned to a law firm.

228.   As a result of the foregoing, the December Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the debt.

229.   As a result of the foregoing, the December Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the debt.

230.   As a result of the foregoing, the threat of possible legal action would likely make the least sophisticated consumer confused as to her rights.

231.   As a result of the foregoing, the threat of possible legal action would likely make the least sophisticated consumer uncertain as to her rights.

232.   Defendant violated § 1692g as Defendant overshadowed the information required to be provided by that Section.

233.   Defendant violated § 1692g(b) as the potential threat of legal action overshadows the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

234.   Defendant violated § 1692g(b) as the potential threat of legal action is inconsistent with disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

235.   15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

236.   While Section 1692e specifically prohibits certain practices, the list is nonexhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

237.   15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

238.   As a result of the foregoing, the December Letter is deceptive.

239.   As a result of the foregoing, the December Letter constitutes a deceptive means to attempt to collect the Debt.

240.   As a result of the foregoing, the December Letter violates 15 U.S.C. §§ 1692g and 1692e, and Defendant is liable to Plaintiff therefor.

21

## **EIGHTH COUNT**

241.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein

242.    On or about December 30, 2020 (the "Bankruptcy Petition Date"), Plaintiff filed a Voluntary Petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court, for the Eastern District of New York (the "Petition").

243.    The putative creditor was put on notice of the Petition.

244.    Defendant had notice of the Petition.

245.    The Petition is still pending before the Bankruptcy Court as of the date the February Letter was sent.

246.    Pusurant to 11 U.S.C. §362(a) creditors are prohibited from taking any acts to collect, assess, or recover any claim against a debtor that arose before the commencement of the bankruptcy case (the "Automatic Stay").

247.    The Automatic Stay was in effect on the date Defendant sent the February Letter.

248.    The Automatic Stay was in effect on the date Plaintiff received the February Letter.

249.    Defendant had actual or constructive notice of the Automatic Stay.

250.    Despite the Automatic Stay, Defendant continued to attempt to collect the debt by sending the February Letter.

251.    Despite the Automatic Stay, Defendant willfully continued to attempt to collect the debt by sending the February Letter.

252.    15 U.S.C. § 1692e(2)(A) prohibits a debt collector from using any false, deceptive or misleading representation of the character, amount, or legal status of any debt.

253.    15 U.S.C. § 1692e(5) prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

254.    15 U.S.C. § 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

255.    Defendant's statement that it could commence legal action against Plaintiff within 30 days of the February Letter is a  is a false, deceptive or misleading representation of the character, amount, or legal status of the alleged Debts.

256.    Defendant's threat to take legal action against Plaintiff within 30 days of the February Letter represents a threat to take action that cannot legally be taken.

257.    Defendant's attempt to collect Plaintiff's alleged Debts via the February Letter is a violation of 11 U.S.C. § 362.

258.    For the foregoing reasons, Defendant violated 15 U.S.C. § 1692e and 11 U.S.C. § 362 and is liable to Plaintiff therefor.

## NINTH COUNT

259.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

260.    15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

261.    §1692f(1) limits prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

262.    Defendant's Letters state that Defendant is owed and entitled certain attorneys' fees.

263.    Upon information and belief, to the extent that Defendant would be entitled to an award of attorneys' fees, such would be based on the amount collected, not on the amounts allegedly owed.

264.    By communicating the amount of attorneys' fees as a fixed amount before any monies are collected is onconsistent with any agreement between Plaintiff and the putative creditor.

265.    The amount of "attorneys' fees" sought by Defendant in the Letters is not reasonable.

266.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

267.    § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

268.    § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

269.    The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

270.    Defendant violated § 1692e by using a false, deceptive and misleading

representation in its attempt to collect a debt.

271.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692f and 1692e and is liable to Plaintiff therefor.

## JURY DEMAND

272.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered as follows:

a.      Finding Defendant's actions violate the FDCPA; and

b.      Awarding Plaintiff statutory damages in the amount of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A); and

c.      Awarding Plaintiff actual damages in an amount to be determined at trial as provided under 15 U.S.C §1692k(a)(1); and

d.      Awarding Plaintiff's the costs of this action and reasonable attorneys' fees as provided under 15 U.S.C. § 1692k(a)(3); and

e.      Awarding Plaintiff such other and further relief that the Court determines is just and proper.

DATED: April 20, 2021

**BARSHAY SANDERS, PLLC**

By: */s Craig B. Sanders*, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Email: csanders@barshaysanders.com
Tel: 516-203-7600
Fax: 516-282-7878
*Attorneys for Plaintiff*
Our File No.: 121648